THE HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH INSURANCE COMPANY,<br><br>    Defendant. | No.: 2:10-CV-00214-RAJ<br><br>ORDER |

## I.    INTRODUCTION

This matter comes before the court on Intervenors' motion to quash (Dkt. # 118). No party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS the motion (Dkt. # 118).

## II.    BACKGROUND

This lawsuit arises from Plaintiff Trident Seafoods Corporation's ("Trident") dispute with one of its insurers, Defendant Commonwealth Insurance Company ("Commonwealth"), regarding property damage due to a fire at Trident's Chignik, Alaska cannery. At the time of the fire, Trident had a $5 million primary insurance policy with

ORDER — 1

Lexington Insurance Company, and a $5 million excess $5 million policy with U.S. Fire Insurance Company. Commonwealth provided a second layer of excess insurance ($10 million excess $10 million). Trident's primary and first-layer excess insurers each tendered their $5 million policy limits, but this lawsuit involves disputes (ongoing since January 2009) about Commonwealth's coverage.

In September 2011, Commonwealth issued a subpoena to Wells Fargo,[1] which is not a party to this lawsuit, seeking the following categories of documents, *inter alia*: (1) every written communication between Trident and Wells Fargo between January 1, 1994, and the present, and (2) all documents that relate to, reference or otherwise discuss Wells Fargo's

> understanding, application, construction and/or guidelines regarding co-insurance provisions, deductibles, statements of value, loss limit of liability endorsements and/or errors and omissions clauses included and/or incorporated into first party property insurance policies between January 1, 2004 . . . and July 21, 2008.

Ward Decl. (Dkt. # 119), Ex. A.

Wells Fargo filed this motion to quash, contending that the subpoena places an undue burden on Wells Fargo because the requests are facially overbroad and request many documents that would be irrelevant to this lawsuit. The court now turns to consider that motion.

### III.   ANALYSIS

**A.   Legal Standards.**

Nonparties may be served with subpoenas commanding them to comply with discovery requests. *See* Fed. R. Civ. P. 45(a)(1)(D). A party or attorney who issues such a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a

---

[1] This order refers to the intervening parties (Wells Fargo Insurance Services USA INC., Wells Fargo Insurance Services Northwest Inc., and Wells Fargo Special Risks Inc.) collectively as "Wells Fargo."

ORDER — 2

person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). If the person subject to the subpoena shows that the subpoena imposes an undue burden on him or her, the court must quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3)(iv). An undue burden exists where the burden or expense of discovery "outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (describing factors to be considered when determining whether a subpoena imposes an undue burden on a nonparty).

**B.      Commonwealth's Subpoena Poses an Undue Burden on Wells Fargo.**

Wells Fargo's primary objection to Commonwealth's subpoena is that it is facially overbroad, given that it requests production of, *inter alia*, all communications between Trident and Wells Fargo dating back to 1994, every document related to Wells Fargo's interpretation of insurance policy provisions, every document related to alleged malpractice on the part of Wells Fargo, any document referencing any property owned by Trident, and any document referencing insurance payments made or collected on behalf of Trident dating back to 1994. *See* Intervenor's Mot. at 7-8. According to Wells Fargo, these requests are excessively broad, in that the limited (if any) probative value of these documents regarding the issues in this lawsuit is far outweighed by the time, effort, and expense required for Wells Fargo's compliance.

The court agrees. The categories of documents sought are vastly broad, and Commonwealth's Opposition does not illuminate any effort undertaken to tailor the requests as narrowly as possible. Given the temporal periods involved, and the broad topics covered by the requests, the court finds that the requests are overbroad on their face. *See Moon*, 232 F.R.D. at 637-38 (finding requests facially overbroad where the time periods involved were longer than ten years and information sought was not tailored to eliminate irrelevant responses). Responding to such requests would be unduly

ORDER — 3

burdensome on Wells Fargo, given that the costs and efforts associated with Wells Fargo's compliance may turn up few documents relevant to this lawsuit.

Surprisingly, Commonwealth's Opposition does not address Wells Fargo's concerns regarding the costs or efforts associated with producing the requested documents, nor suggest any attempts to mitigate.[2] While it may be true that narrower requests would reveal relevant information, as the subpoena is currently structured, Commonwealth has not fulfilled its obligation to avoid imposing an undue burden on a nonparty. Thus, the court will quash the subpoena.[3] Accordingly, Wells Fargo is entitled to attorney fees under Federal Rule of Civil Procedure 45(c)(1).

### IV. CONCLUSION

For the reasons stated above, the court GRANTS Intervenors' motion (Dkt. # 118). The Intervenors may file a fee petition no later than November 4, 2011. Defendant may file an opposition no later than November 10, 2011, and Intervenors may file a reply no later than November 16, 2011.

DATED this 20th day of October, 2011.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

---

[2] Indeed, the court finds Commonwealth's bald assertion that it has "made every effort to accommodate Wells Fargo" to be mystifying, given that Commonwealth seems to have avoided commenting on the heart of Wells Fargo's concerns: the costs and efforts associated with compliance, given the broad nature of the requests. While Commonwealth's offer of a confidentiality agreement may alleviate some concerns, it would do nothing to alleviate the burdens of responding in the first place.

[3] Commonwealth inserted a motion to compel in its Opposition brief, but did not note the motion to compel in compliance with the Local Rules nor include a meet-and-confer certification as required by Federal Rule of Civil Procedure 37. Because Commonwealth's motion to compel is thus not properly before the court, the court will not rule upon it.